UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
4 PILLAR DYNASTY LLC AND
REFLEX PERFORMANCE RESOURCES INC.,

                  *Plaintiffs,*

- against -

NINEXIS, INC. d/b/a DOUBLJU.COM d/b/a
YOGA REFLEX and
DOUBLJU-USA INC. d/b/a
DOUBLJU.COM d/b/a
YOGA REFLEX

                  *Defendants.*
-------------------------------------------------------------------X

CASE NO.: 16-CV_____

**COMPLAINT**

*(JURY TRIAL DEMANDED)*

Plaintiffs, by their attorneys Oved & Oved LLP, complaining of the Defendants, upon information and belief, allege as follows:

## PARTIES

1. Plaintiff 4 Pillar Dynasty LLC ("4 Pillar") is a New York State Limited Liability Company with a place of business at 525 7th Avenue, Suite 1607, New York, NY 10018.

2. Plaintiff Reflex Performance Resources Inc. ("Reflex") is a New York State Corporation with a place of business at 525 7th Avenue, Suite 1607, New York, NY 10018 (4 Pillar and Reflex are collectively referred to as "Plaintiffs").

3. Defendants Ninexis, Inc. d/b/a Doublju.com d/b/a Yoga Reflex is a California Corporation with an address at 17300 Marquardt Ave, Cerritos, CA 90703.

4. Doublju-USA Inc. d/b/a Doublju.com d/b/a Yoga Reflex is a California Corporation with an address at 17300 Marquardt Ave, Cerritos, CA 90703.

## JURISDICTION & VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims arise under provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), New York General Business Law §§133, 349, and 360, and the common law of the State of New York.

6.  This Court has supplemental jurisdiction over any and all state court claims pursuant to 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.    Plaintiffs and the "Reflex" Mark**

8.  Having spent the past 25 years specializing in the production and development of nylon spandex, poly spandex, and cotton spandex clothing, Reflex became an industry leader in the field of activewear, performance wear and yoga wear.

9.  Reflex sells and/or has sold its products at nationally-recognized premier retailers throughout the United States, Canada and Mexico, including without limitation: Foot Locker, DICK'S Sporting Goods, Modell's, Sports Authority, Macy's, Dillard's, Burlington Coat Factory, Costco, Sam's Club, T.J. Maxx, Ross Stores, Nordstrom Rack, Sneaker Villa, Dunham's, Shopko, and Steinhart.

10. Reflex also sells its products through various online retailers including, *inter alia*, Amazon.com, Nordstrom.com, Nordstromrack.com, Hautelook, Kohls.com, Rue la la, and QVC.

11. In 2015 alone, Reflex generated over $97 Million in sales.

12. Effective as of December 27, 2010, 4 Pillar became the owner of the registered trademark "REFLEX," registration number 4206795, in connection with "Athletic tights; Blouses; Coats; Dresses; Gloves; Hosiery; Jackets; Jeans; Knit bottoms; Lingerie; Loungewear; Rainwear; Scarves; Skirts; Sleepwear; Socks; Sweaters; Swimwear; Tops; Vests."

1. Effective as of January 6, 2011, 4 Pillar became the owner of the registered trademark "90° DEGREE BY REFLEX," registration number 4238283, in connection with "Ladies, men, and children clothing, namely, bottoms, tops, athletic tops, athletic bottoms, sweaters, jeans, blouses, skirts, dresses, jackets, vests, coats, rainwear, lingerie, sleepwear, loungewear, swimwear, gloves, socks, hosiery, and scarves."

2. The "REFLEX" mark and the "90° DEGREE BY REFLEX" mark are collectively referred to herein as the "Marks."

3. Reflex is the licensee of the Marks and has utilized the Reflex and 90° Degree by Reflex brands extensively since 2011.

4. Reflex sells a full line of yoga wear, including leggings, sports bras, and hooded sweatshirts ("Plaintiffs' Products"), bearing the Marks throughout the United States and the world to retailers such as Amazon.com, Nordstrom.com, Nordstromrack.com, Hautelook, Kohls.com, Rue la la, QVC, Foot Locker, DICK'S Sporting Goods, Modell's, Sports Authority, Macy's, Dillard's, Burlington Coat Factory, Costco, Sam's Club, T.J. Maxx, Ross Stores, Nordstrom Rack, Sneaker Villa, Dunham's, Shopko, and Steinhart.

5. Several examples of Plaintiffs' sale of products using the Mark are depicted below:




3

 

In furtherance of its online sales, especially through Amazon.com, Plaintiffs invest heavily in pay per click ("PPC") advertising whereby when a consumer searches for the Mark (i.e. Reflex) or other related search terms (*i.e.* "leggings" or "yoga pants") on Amazon.com, the Plaintiffs' Products be suggested to the consumer for purchasing.

**B.      Defendants' Infringement of Plaintiffs' Marks**

6.      Plaintiffs have recently discovered that Defendants have been promoting and offering  for sale a line of clothing and performance wear (the "Infringing Products") under the brand name "Yoga Reflex" (the

4

"Infringing Mark") through, *inter alia*, www.amazon.com and Defendants' website www.doublju.com: which links directly to Defendants' offerings at Amazon.com:



7. As is clear from Defendants' website and Defendants' listings on Amazon.com, Defendants' Infringing Products include yoga pants, sports bras, tank tops, leggings, yoga footwear, and headbands.






8.  Defendants have been and, despite repeated requests by Plaintiffs, continue to infringe upon, the Marks by selling the Infringing Products, which are in the exact same category and style of goods as Plaintiffs' Products, through Amazon.com—one of Plaintiffs' most heavily utilized channels of trade.

9.  Defendants are further infringing upon the goodwill and the consumer recognition generated by the time, effort, energy and expense Plaintiffs expended in the Marks—which to date exceeds $450,000, by intentionally causing the Infringing Products to falsely appear as "sponsored listings" when Amazon.com customers search for the "90° DEGREE BY REFLEX" mark or related search terms, as is clear from the Amazon.com search page depicted below.



10.     Defendants' Infringing Mark, the Infringing Products and Defendants' unlawful hijacking of Plaintiffs' investment in Amazon.com PPC advertising have exacerbated, and are likely to continue to exacerbate, the consumer confusion caused by the Infringing Products.

11.     Indeed, Plaintiffs calculate that Defendants' infringement of Plaintiffs' Marks costs Plaintiffs more than $10,000 each day in lost revenue alone.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Violation of 15 U.S.C. § 1114)**

12.     Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

13.     Defendants' offers to sell, sales, distribution, promotion, and/or advertisement of the Infringing Products through the use of the Infringing Mark violate Section 32(1) of the Lanham Act, 15 U.S. C. § 1114(1).

14.     Plaintiffs own duly-issued and validly-subsiding rights in Plaintiffs' Marks.

15. Plaintiffs' Marks are federally registered and entitled to protection under both Federal law and common law.

16. Plaintiffs' Marks are inherently distinctive and have acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and continuous use, advertising, promotion and sales of products bearing Plaintiffs' Marks.

17. Defendants' offers to sell, sales, distribution, promotion, and/or advertisement of the Infringing Products in connection with the Infringing Mark have caused and are likely to continue to cause consumer confusion as to the origin, sponsorship, or approval of the Infringing Products.

18. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause, substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiffs' Marks.

19. Defendants' use of the Infringing Mark and colorable imitations thereof has been intentional and willful as is evidenced by, *inter alia*, the identical nature of the Infringing Mark and the Infringing Products to Plaintiffs' Marks and Plaintiffs' Products as well as Defendants' deliberate hijacking of Plaintiffs' PPC advertising.

20. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116(a).

21. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Marks and Plaintiffs' business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and

Defendants' illicitly-earned profits, trebled, together with costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))

22. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

23. Defendants' offers to sell, sales, distribution, promotion and/or advertisement of the Infringing Products, in competition with Plaintiffs, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Through their extensive and continuous use, advertising, promotion and sales, Plaintiffs' Marks have become well-known indicators of the origin and/or quality of Plaintiffs' Products before Defendants' unauthorized use of the Infringing Mark.

25. Defendants' use of the Infringing Mark and/or colorable imitations thereof constitutes a false designation of origin and/or unfair competition that has, and is likely to continue to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are Plaintiffs' Products or are manufactured by, authorized by, or otherwise associated with Plaintiffs.

26. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause, substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including, at least substantial and irreparable injury to Plaintiffs' goodwill and reputation.

27. As a result, Plaintiffs are entitled to injunctive relief.

28. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Marks and Plaintiffs' business operations, trade name, reputation and

goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and Defendants' illicitly earned profits, trebled, together with costs and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

29. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

30. Defendants have misappropriated the results of Plaintiffs' labor, skill and expenditures through fraud, deception and other tortious conduct.

31. Defendants have and continue to unfairly compete with Plaintiffs by improperly utilizing Plaintiffs' Marks to sell the Infringing Products.

32. Plaintiffs have suffered and will continue to suffer injury and irreparable harm as a result of Defendants' misappropriation and misuse of Plaintiffs' Marks.

33. Plaintiffs have no adequate remedy at law.

34. In addition, Defendants' acts have also caused substantial monetary damage to Plaintiffs and Plaintiffs' business operations, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Unlawful and Deceptive Acts and Practices under New York General Business Law § 349)

35. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

36. Defendants' offers to sell, sales, distribution, promotion, or advertisement of the Infringing Products, in competition with Plaintiffs, violates section 349 of New York General Business Law.

37. Plaintiffs' Marks are entitled to protection under New York law.

38. Plaintiffs' Marks have distinctive appearances that are non-functional, and have

also acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and continuous use, advertising, promotion, and sales of products bearing Plaintiffs' Marks. Through that extensive and continuous use, advertising, promotion, and sales, Plaintiffs' Marks have become a well-known indicator of the origin of Plaintiffs' Products before Defendants' unauthorized use.

39. Defendants' use of the Infringing Mark and/or colorable imitations thereof, constitutes a deceptive act and/or practice in the conduct of Defendants' business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiffs.

40. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to Plaintiffs' goodwill and reputation.

41. As a result, Plaintiffs are entitled to injunctive relief.

42. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Marks and Plaintiffs' business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and Defendants' illicitly-earned profits, and enhanced damages, together with costs and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**(Unlawful and Deceptive Acts and Practices under New York General Business Law § 133)**

43. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of

the complaint as if fully set forth herein.

44. Defendants' offers to sell, sales, distribution, promotion, or advertisement of the Infringing Products, in competition with Plaintiffs, violates Section 133 of New York General Business Law.

45. Plaintiffs' Marks are entitled to protection under New York law.

46. Plaintiffs' Marks have distinctive appearances that are non-functional, and have also acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and continuous use, advertising, promotion, and sales of products bearing Plaintiffs' Marks. Through that extensive and continuous use, advertising, promotion, and sales, Plaintiffs' Marks have become a well-known indicator of the origin of Plaintiffs' Products before Defendants' unauthorized use.

47. Defendants' use of the Infringing Mark and/or colorable imitations thereof, constitutes a deceptive act and/or practice in the conduct of Defendants' business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiffs.

48. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to Plaintiffs' goodwill and reputation.

49. Defendants' use of Plaintiffs' Marks and/or colorable imitations thereof has been intentional, willful, and with the intent to deceive and/or mislead the public as is evidenced by

the identical nature of the Infringing Products and Infringing Mark to Plaintiffs' Products and Plaintiffs' Marks and their sale through identical channels of trade.

50. As a result, Plaintiffs are entitled to injunctive relief.

**WHEREFORE**, Plaintiffs hereby request that this Court grant them the following relief:

i. an order permanently enjoining and restraining the Defendants and its officers, agents, representatives, successors, assigns, affiliates, servants, employees, licensees, attorneys and all those acting in concert or in participation with Defendants from manufacturing or selling any goods similar to, derived from, or otherwise utilizing, copying or incorporating Plaintiffs' Marks;

ii. an order directing Defendants to immediately provide Plaintiffs with a detailed list of all Infringing Products in Defendants' possession as well as a list of all Infringing Products sold by Defendants, and to whom such sales were made;

iii. on Plaintiffs' First Cause of Action, an award against Defendants of actual damages and lost profits Plaintiffs suffered as a result of Defendants' acts, as well as an award of Defendants' profits improperly earned from its infringement of Plaintiffs' Marks, trebled;

iv. on Plaintiffs' Second Cause of Action, an award against Defendants of actual damages and lost profits Plaintiffs suffered as a result of Defendants' acts, as well as an award of Defendants' profits improperly earned from its infringement of Plaintiffs' Marks, trebled;

v. on Plaintiffs' Third Cause of Action, an award against Defendants of damages in an amount to be determined at trial;

vi. on Plaintiffs' Fourth Cause of Action, an award against Defendants of damages in an amount to be determined at trial;

vii. an award of Plaintiffs' attorney's fees and costs;

viii. an award of prejudgment interest to the full extent permitted by law; and

    ix. an award of such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
       November 17, 2016

By: _____
Darren Oved, Esq.
Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376